1. DISTRIBUTION OF ESTATE—INTERESTED PARTIES—CITATION.
   Under Code Civ. Proc. § 2727, a legatee can compel an executor to render and settle his account, but there can be no distribution till all the parties in interest have been given an opportunity to be heard.

2. SAME.
   Where the executor's account shows that there is a surplus distributable to persons interested who have not been cited, it is discretionary with the surrogate to cite them.

3. SAME—ACCOUNTING BY EXECUTOR.
   Where an executor has been cited by a legatee to account, and apprehends there may be two trials of the same issues in relation to his accounting, he may, under Code Civ. Proc. § 2728, by voluntary petition, obtain a judicial settlement, which proceeding the court may consolidate with the pending involuntary petition.

4. REFEREE—REMOVAL.
   A referee, appointed to pass on the accounts of an executor, will not be removed on his motion, in the absence of any showing of bias against the executor or his attorney.

In the matter of the estate of Richard Rainforth. Application to vacate order of reference. Denied.

Charles G. F. Wahle, for executor.
Edward F. Todd, for legatee, opposed.

THOMAS, S. The order appointing the referee cannot be vacated for irregularity. The proceeding was commenced by the petitioner as a legatee to compel the respondent, as executor, to render and settle his account, under section 2727 of the Code of Civil Procedure. An order was made that an account be filed by the executor, and that he attend from time to time for the settlement thereof. An account was filed by the executor, to which objections were filed by the legatee, petitioner. Issues were thus raised which required a trial, and the order of reference was thereupon made. Up to this time the proceeding is between the petitioner and the executor only, and the bringing in of other parties, on the application of the petitioner, is not required by any provision of law. If the petitioner should elect to apply for a supplemental citation to bring in new parties, his application could only be granted on it being made to appear, from the account filed or otherwise, "that there is a surplus distributable to creditors or persons interested," and even upon such proof the extending of the proceeding to other parties would rest in the discretion of the surrogate upon all the facts of the case. The

issues between the parties now before the court may be tried, but such trial would not, of course, be binding upon strangers to the proceeding, and a distribution of the fund cannot be directed until all parties in interest have been duly cited and have been afforded an opportunity to be heard. This principle was declared in our unreported decision of Surrogate Ransom, which has repeatedly been cited and followed in this court. Estate of Thomas Hoctor, decision filed June 26, 1889. The inconvenience of a possibility of the necessity for two trials of the same issues can be obviated by the executor by proceeding forthwith, by voluntary petition, for the judicial settlement of his account under Code Civ. Proc. § 2728, and such voluntary proceeding may be consolidated with the involuntary proceeding, whenever such consolidation is shown to be equitable. Code Civ. Proc. § 2727. The objection as to the relation of the gentleman named as referee to another litigation, in which the attorney for the executor is interested, is not sufficient to justify the vacating of the order of reference. The entire sum and substance of these facts, as claimed by the executor, is as follows: A will of one Steers was contested. The referee testified as a witness on the trial of the contest, and the will was admitted to probate. The attorney for the executor was not personally interested in that contest, and did not appear in it as attorney or counsel for any one. Subsequently an action to partition the lands passing under the Steers will was commenced, in which action the attorney for the executor appears as attorney for the plaintiff. The referee holds or held a mortgage on a parcel of the land sought to be partitioned, which mortgage was executed by the testator, and the validity of which is not questioned, and he was for this reason made a party to that action. The real purpose of the action is said to be to attack the Steers will, and also to attack certain transfers made by Steers to the beneficiaries named in his will. It is said that the referee may be a witness in that action. None of these facts tend to show that the referee has any bias or prejudice against the executor in this proceeding, or his attorney, that will tend in the slightest degree to warp his judgment. The objections to the rulings or conduct of the referee in this case are overruled. His entire action appears to have been caused by an honest effort to expedite the proceeding. The motion to remove the referee is denied.

Motion denied.